# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER 06-266 |
| COLIN LEE JOHNSON | SECTION "L" (5) |

## ORDER & REASONS

Currently pending before the Court are various motions filed by Petitioner, Colin Lee Johnson, in which he seeks the following relief: (1) an order from the Court requiring the Government to re-file its Motion for Reduction of Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure; (2) an evidentiary hearing; (3) an increased reduction in his sentence; and (4) further review of his conviction and sentence in this case. For the following reasons, these motions are all DENIED.

## I.    BACKGROUND

On November 8, 2006, Petitioner, Colin Lee Johnson pled guilty to Counts 1 and 2 of a two-count indictment. In Count 1, Johnson was charged with possession with the intent to distribute a quantity of MDMA in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). In Count 2, Johnson was charged with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). At the time of his rearraignment, Johnson was represented by counsel and had entered into a plea agreement with the Government. The Court, in accepting Johnson's guilty plea, found that his plea was knowledgeable, voluntary, had a basis in fact, and contained all of the elements of the crimes with which he was charged.

As part of the plea agreement that Johnson entered into with the Government, Johnson agreed to fully cooperate with the Government, to submit to interviews at the request of the Government, to testify truthfully in any criminal proceedings in which he was called upon to do

so, to alert the Government to any criminal activity of which he became aware, and to provide other assistance in the investigation and prosecution of criminal conduct. In exchange, the Government agreed to alert the Court to any cooperation and/or assistance that Johnson provided prior to sentencing. Additionally, the agreement provided that:

> The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

(Rec. Doc. 20, at 3.) Thus, the plea agreement clearly gave the Government discretion to decide whether or not to file a Rule 35(b) motion.

Also at the rearraignment, Johnson admitted to a five page factual basis containing the Government's allegations against him. According to this factual basis, a confidential source ("CS"), with the assistance of DEA agents, set up a drug transaction between himself and Johnson which was to occur in the parking lot of the Echo Café in Hammond, Louisiana. The agents positioned themselves in a location where they could observe the transaction. Then, according to the factual basis:

> Johnson arrived in the parking lot of the Echo Café, driving a red Oldsmobile Alero. JOHNSON parked in the front of the Echo Café on the East corner. After arriving, JOHNSON met with an unknown while female later identified as Jessica Moltalbano, driving a gray Dodge Stratus, which had arrived in the parking lot at the same time as JOHNSON. Moltalbano drove her vehicle into the parking lot of the Raising Canes Restaurant located within sight of the meeting location after a brief meeting with JOHNSON, but never exited.
> TFA Martin and Agent Moran listened and watched the meeting between JOHNSON and the CS via wireless transmitting device. During the meeting, JOHNSON produced a backpack from out of the red Oldsmobile Alero.

>JOHNSON opened the backpack and displayed a quantity of purported MDMA (Ecstasy) to the CS. JOHNSON placed the MDMA in a white 4 door Chevrolet car parked adjacent to the Alero. The CS utilizing verbal prearranged arrest signals, notified TFA Martin and Agent Moran of the visual observance of the purported MDMA (Ecstasy).
>
>As agents were approaching, JOHNSON was in the process of relocating from the Echo Café parking lot, to the Hammond Mall parking lot. The Hammond Mall parking lot was the location where the CS told JOHNSON the money for the transaction was waiting. JOHNSON, now driving the white 4 door Chevrolet, the same vehicle the CS observed JOHNSON place the backpack into, was attempting to leave. As agents attempted to stop the vehicle driven by JOHNSON, JOHNSON grabbed the backpack and began to flee on foot. Agents gave chase as JOHNSON fled North through the parking lot of the Pepper Tree Restaurant, crossing U.S. Highway 190, scaling a 8' storm fence and into the rear yard of a vacant business. As agents approached JOHNSON, he threw the backpack over a fence that is separating the vacant business building from Burger King's property. Agents recovered the backpack which contained approximately 3000 dosage units of MDMA. The MDMA was field tested with positive results for the presence of MDMA. Seconds after throwing the backpack, JOHNSON was placed under arrest and advised of his Miranda Warnings by TFA Heath Martin, as witnessed by Agent Justin Moran. During a search incident to arrest, Agents recovered approximately $2,060.00 dollars of United States Currency.
>
>JOHNSON was transported back to the red Oldsmobile Alero that JOHNSON was witnessed to arrive in. When agents arrived at the vehicle, JOHNSON denied utilizing the vehicle prior to the transaction. TFA Martin provided the keys found in the pocket of JOHNSON to Agent Moran. Using one of the keys found on JOHSON, Agent Moran open [sic] the driver's door of the Oldsmobile Alero. Agents recovered a Highpoint 9mm semi-automatic handgun which was located between the drivers seat and the center consol. The weapon was discovered loaded, with a live round in the chamber. Further investigation of the weapon revealed the serial numbers to have been removed to prevent a trace of the weapon . . . . JOHNSON was [later] asked about the firearm located in the Oldsmovile Alero. According to JOHNSON, he obtained the gun from an individual in Baton Rouge to utilize for protection during this transaction.

(Rec. Doc. 19, at 2-5). At his rearraignment, Johnson agreed that the factual basis accurately described the conduct which constituted the crimes to which he was pleading guilty.

On March 7, 2007, Johnson was sentenced by this Court to serve fifty-five months in prison as to Count 1 and sixty months in prison as to Count 2. These sentences were to run

3

consecutively.  Johnson did not appeal this sentence.  On November 25, 2008, the Government filed a Motion and Incorporated Memorandum for Reduction of Sentence Pursuant to Rule 35 of the Federal Rules of Civil Procedure.  This motion was filed as a result of certain assistance that Johnson had provided to the Government in their investigation and prosecution of two individuals.  Based on this assistance, which the Government considered "substantial," a total sentence reduction of thirty-one months was requested.  On November 25, 2008, the Court granted this motion and reduced Johnson's sentence, but only by twenty-four months instead of the thirty-one month reduction requested by the Government.

## II.     PRESENT MOTIONS

On March 30, 2009, more than two years after being sentenced by this Court, Johnson began filing the motions that are currently pending.  First, he filed a "Motion Requesting an Order from the Court Ordering the Government on Behalf of Defendant to Re-File Its' Rule 35(b) Motion Regarding the Material Breach on Part of Government's Failure to Submit All the Necessary Information to Allow the District Court to Make a Proper Ruling Under Its' Discretion Under the Proceedings."  (Rec. Doc. 30).  He then followed this motion up with a "Motion to Amend Petition Pursuant to Rule 35(b)" (Rec. Doc. 31) and a "Second Motion to Amend Petition Pursuant to Rule 35(b)."  (Rec. Doc. 32).  These motions all argue that the Government, in its' Rule 35(b) motion, failed to disclose material information regarding substantial assistance provided by Johnson.  According to the Petitioner, his safety had been put at risk by providing this assistance.  He asks that the Court either grant an evidentiary hearing to investigate this matter, order the Government to re-file its' motion, or reconsider his sentence and subsequent reduction in light of this additional information.

On September 21, 2009, Petitioner filed a "Motion to Correct and Vacate the Conviction and Sentence Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) From an Erroneous Judgment Obtained Under § 924(c)." (Rec. Doc. 33). In this motion, Petitioner argues that the Government's evidence was insufficient to prove that he had possessed a firearm in furtherance of a drug trafficking offense because the weapon had been located in a separate car from where the drug transaction occurred.

On October 19, 2009, Johnson filed a "Motion to Vacate under 28 U.S.C. § 2255." (Rec. Doc. 34). On December 30, 2009, The Government filed a response to Johnson's Motion. On January 11, 2010, Petitioner supplemented his motion with a "Motion to Supplement the Motion to Vacate, Set Aside, or Correct Sentence." (Rec. Doc. 42). Then, on January 27, 2010, the Petitioner filed a reply to the Government's response, which he styled a "Motion for Traverse to Vacate, Set Aside, the Conviction and Sentence Pursuant to 28 U.S.C. § 2255." (Rec. Doc. 44).[1] On March 1, 2010, Petitioner filed a "Supplemental Motion to Amend Motion to Vacate Under 28 U.S.C. 2255." (Rec. Doc. 47).

Finally, on February 8, 2010, Johnson filed a "Motion Pursuant to Rule 9(b) Requesting an Order from the Court Determining Whether Johnson's Rule 35(b) Motion was Construed by the Court Under Premise of his 2255 Motion." (Rec. Doc. 45). In this motion, Johnson asserted that the Government, in its' Response to his § 2255 petition, had addressed the arguments raised by Petitioner's previous "Motion Requesting an Order from the Court Ordering the Government

---

[1] Petitioner's Rule 60(b) motion and his habeas petition were filed less than a month apart. Accordingly, these two motions will be construed together as a single § 2255 motion. Thus, Petitioner will not be subject to the requirements of successive habeas petitions and advance notice to Petitioner of the Court's intent to construe these motions together is not necessary.

5

on Behalf of Defendant to Re-File Its' Rule 35(b) Motion Regarding the Material Breach on Part of Government's Failure to Submit All the Necessary Information to Allow the District Court to Make a Proper Ruling Under Its' Discretion Under the Proceedings." Accordingly, he sought (1) clarification of whether the Court would be handling the motions simultaneously; and (2) leave to supplement his earlier arguments. Before the Court had ruled on this request, Johnson filed a "Motion and Response to Government's Reply to the Rule 35(b) Motion in Which Respondent Argued Johnson Failed to File a Notice of Appeal." (Rec. Doc. 46).[2]

The Court will consider all of Petitioner's pending motions at this time.

### III. LAW & ANALYSIS

#### A. Johnson's motion regarding the Government's Rule 35(b) motion

Johnson first argues that the Government's Rule 35(b) motion omitted information regarding substantial assistance that he had provided. Rule 35(b) allows a district court to grant a post-sentencing reduction of sentence in a case where the Government files a motion based on the substantial assistance of the Defendant. Fed. R. Crim. Pro. Rule 35(b). This rule does not impose any duty upon the Government to file a Rule 35(b) motion and the Fifth Circuit has made it clear that no such duty exists, even when a Defendant has provided substantial assistance. *Id.*; *see also United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007). Additionally, courts cannot

---

[2]The Court notes that in the Government's response, they acknowledged that Petitioner had filed several motions seeking an order from the Court directing the Government to re-file its 35(b) motion. The Government also acknowledged that Petitioner had never appealed any aspect of his sentence or of the subsequent reduction. The Court has not construed Johnson's motion regarding the Government's 35(b) motion as part of his § 2255 petition. Nonetheless, the Court will consider Johnson's "Motion and Response to Government's Reply to the Rule 35(b) Motion in Which Respondent Argued Johnson Failed to File a Notice of Appeal" as a supplement to his earlier motion regarding the Government's 35(b) motion.

review the Government's decision not to file a Rule 35(b) motion, unless that decision is based on an unconstitutional motive or the Government has bargained away its discretion. *Id.*; *see also United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996).

Generally, the Government may bargain away its discretion over this decision by entering into a plea agreement with the Defendant. *Price*, 95 F.3d at 368. In determining whether the Government has done so in a particular case, courts should look to the language of the plea agreement. *Id.* As the Fifth Circuit has explained:

> In those cases in which the government indicates in the plea agreement that it 'will file' a motion, or other language to that effect, in exchange for the defendant's substantial assistance, we have held that the government has surrendered its discretion. By contrast, where the plea agreement expressly states that the government retains 'sole discretion' over the decision as to whether or not to submit a motion, we have held that a refusal to do so is reviewable only for unconstitutional motive.

*Id.* Thus, the Court must examine the language contained in Johnson's plea agreement to determine whether the Government retained discretion over the decision to file a Rule 35(b) motion.[3]

In this case, the plea agreement specified that the Government would make the Court aware of an assistance provided by Petitioner *prior to sentencing*. It was silent as to the Government's obligations with regards to assistance provided after sentencing. The assistance that was allegedly omitted from the Government's Rule 35(b) motion occurred following his sentencing. Furthermore, the plea agreement specifically stated that "[i]t shall be in the *sole discretion* of the United States Attorney as to whether a motion requesting the Court to impose a

---

[3]Johnson does not assert that the Government's claim was based on any unconstitutional motive.

7

sentence below the sentence contemplated by the sentencing guidelines should be filed." (Rec. Doc. 20, at 3) (emphasis added). Thus, the Government had clearly not bargained away their discretion over the decision to file a Rule 35(b) motion. Additionally, they did file a Rule 35(b) motion, and the Defendant benefitted from a substantial reduction in his sentence. Accordingly, this Court lacks the authority to review the Government's discretionary decision.

Petitioner also contends that the Government's failure to include all relevant information regarding his assistance constituted a *Brady* violation. This argument is without merit. *Grant*, 493 F.3d at 468. First, as discussed above, the Government was under no obligation to turn this material over. *Id.* Second, the information regarding Johnson's assistance would have been relevant only to a sentence reduction and not to his guilt or innocence. *Id.* Therefore Petitioner's argument fails and his motions regarding the Government's Rule 35(b) motion must be denied.

**B.    Johnson's § 2255 petition**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a habeas corpus petition claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States." A petitioner has one year from

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

8

28 U.S.C. § 2255. If a petitioner fails to file a Section 2255 petition within the applicable one-year period, the Court must dismiss the petition as untimely unless "rare and exceptional circumstances" warrant the equitable tolling of this period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

In this case, Petitioner was sentenced on March 7, 2007, and judgment was entered on March 14, 2007. Because Johnson did not file a direct appeal, his conviction became final and the statute of limitations under § 2255 began to run on March 24, 2007, when his 10 day window for filing a direct appeal expired. *U.S. v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008). The fact that Johnson later benefitted from a sentence reduction pursuant to the Government's Rule 35(b) motion did not restart the statute of limitations. *Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009); *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 142-144 (4th Cir. 2001). Thus, under the one-year limitations period imposed by § 2255, Johnson had until March 24, 2008, to file a petition. The Certificate of Service on the earliest of Johnson's habeas petitions, his "Motion to Correct and Vacate the Conviction and Sentence Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) From an Erroneous Judgment Obtained Under § 924(c)" is dated September 16, 2009, nearly 18 months after the deadline. Clearly, Johnson's § 2255 petition is not timely. Furthermore, the Court finds that there do not exist rare and exceptional circumstances in this case that would prevent the dismissal of Johnson's untimely petition.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the following motions are all DENIED:

(1) Petitioner's Motion Requesting an Order from the Court Ordering the Government on Behalf of Defendant to Re-File Its' Rule 35(b) Motion Regarding the Material Breach on Part of Government's Failure to Submit All the Necessary Information to Allow the District Court to Make a Proper Ruling Under Its' Discretion Under the Proceedings (Rec. Doc. 30);

(2) Petitioner's Motion to Amend Petition Pursuant to Rule 35(b) (Rec. Doc. 31);

(3) Petitioner's Second Motion to Amend Petition Pursuant to Rule 35(b) (Rec. Doc. 32);

(4) Petitioner's Motion to Correct and Vacate the Conviction and Sentence Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) From an Erroneous Judgment (Rec. Doc. 33);

(5) Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 34);

(6) Petitioner's Motion for Traverse (Rec. Doc. 44);

(7) Petitioner's Motion Pursuant to Rule 9(b) Requesting an Order from the Court Determining Whether Johnson's Rule 35(b) Motion was Construed by the Court Under Premise of his 2255 Motion (Rec. Doc. 45);

(8) Petitioner's Motion and Response to Government's Reply to the Rule 35(b) Motion in Which Respondent Argued Johnson Failed to File a Notice of Appeal (Rec. Doc. 46);

(9) Petitioner's Supplemental Motion to Amend (Rec. Doc. 47).

New Orleans, Louisiana, this 31st day of March, 2010.

*[signature]*
UNITED STATES DISTRICT JUDGE

Clerk to serve:
Colin Lee Johnson
29912-034
3150 Horton Road
Forth Worth, TX 76119