UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                           CRIMINAL ACTION

VERSUS                                                  NUMBER 06-266

COLIN LEE JOHNSON                                       SECTION "L" (5)

ORDER & REASONS

Currently pending before the Court is pro se Petitioner Colin Lee Johnson's Petition for

Writ of Mandamus (Rec. Doc. 71), in which he seeks a writ of mandamus compelling the United

States Attorneys' office to file a motion to reduce his sentence on the basis of substantial

assistance to the Government.  For the reasons set forth herein, this motion is DENIED.

I.      BACKGROUND

On November 8, 2006, Petitioner, Colin Lee Johnson pled guilty to Counts 1 and 2 of a

two-count indictment.  In Count 1, Johnson was charged with possession with the intent to

distribute a quantity of MDMA in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).  In

Count 2, Johnson was charged with possession of a firearm in furtherance of a drug trafficking

offense in violation of 18 U.S.C. § 924(c)(1)(A).  At the time of his rearraignment, Johnson was

represented by counsel and had entered into a plea agreement with the Government.  The Court,

in accepting Johnson's guilty plea, found that his plea was knowledgeable, voluntary, had a basis

in fact, and contained all of the elements of the crimes with which he was charged.

As part of the plea agreement with the Government, Johnson agreed to fully cooperate

with the Government, to submit to interviews at the request of the Government, to testify

truthfully in any criminal proceedings in which he was called upon to do so, to alert the

Government to any criminal activity of which he became aware, and to provide other assistance

in the investigation and prosecution of criminal conduct.  In exchange, the Government agreed to

alert the Court to any cooperation and/or assistance that Johnson provided prior to sentencing.

Additionally, the agreement provided that:

> The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.  It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

(Rec. Doc. 20, at 3.)  Thus, the plea agreement clearly gave the Government discretion to decide whether or not to file a Rule 35(b) motion.

Also at the rearraignment, Johnson admitted to a five page factual basis containing the Government's allegations against him.  According to this factual basis, a confidential source ("CS"), with the assistance of DEA agents, set up a drug transaction between himself and Johnson which was to occur in the parking lot of the Echo Café in Hammond, Louisiana.  The agents positioned themselves in a location where they could observe the transaction.  Then, according to the factual basis:

> Johnson arrived in the parking lot of the Echo Café, driving a red Oldsmobile Alero.  JOHNSON parked in the front of the Echo Café on the East corner.  After arriving, JOHNSON met with an unknown while female later identified as Jessica Moltalbano, driving a gray Dodge Stratus, which had arrived in the parking lot at the same time as JOHNSON.  Moltalbano drove her vehicle into the parking lot of the Raising Canes Restaurant located within sight of the meeting location after a brief meeting with JOHNSON, but never exited.
> TFA Martin and Agent Moran listened and watched the meeting between JOHNSON and the CS via wireless transmitting device.  During the meeting, JOHNSON produced a backpack from out of the red Oldsmobile Alero.  JOHNSON opened the backpack and displayed a quantity of purported MDMA (Ecstasy) to the CS.  JOHNSON placed the MDMA in a white 4 door Chevrolet car parked adjacent to the Alero.  The CS utilizing verbal prearranged arrest signals, notified TFA Martin and Agent Moran of the visual observance of the

purported MDMA (Ecstasy).

As agents were approaching, JOHNSON was in the process of relocating from the Echo Café parking lot, to the Hammond Mall parking lot. The Hammond Mall parking lot was the location where the CS told JOHNSON the money for the transaction was waiting. JOHNSON, now driving the white 4 door Chevrolet, the same vehicle the CS observed JOHNSON place the backpack into, was attempting to leave. As agents attempted to stop the vehicle driven by JOHNSON, JOHNSON grabbed the backpack and began to flee on foot. Agents gave chase as JOHNSON fled North through the parking lot of the Pepper Tree Restaurant, crossing U.S. Highway 190, scaling a 8' storm fence and into the rear yard of a vacant business. As agents approached JOHNSON, he threw the backpack over a fence that is separating the vacant business building from Burger King's property. Agents recovered the backpack which contained approximately 3000 dosage units of MDMA. The MDMA was field tested with positive results for the presence of MDMA. Seconds after throwing the backpack, JOHNSON was placed under arrest and advised of his Miranda Warnings by TFA Heath Martin, as witnessed by Agent Justin Moran. During a search incident to arrest, Agents recovered approximately $2,060.00 dollars of United States Currency.

JOHNSON was transported back to the red Oldsmobile Alero that JOHNSON was witnessed to arrive in. When agents arrived at the vehicle, JOHNSON denied utilizing the vehicle prior to the transaction. TFA Martin provided the keys found in the pocket of JOHNSON to Agent Moran. Using one of the keys found on JOHSON, Agent Moran open [sic] the driver's door of the Oldsmobile Alero. Agents recovered a Highpoint 9mm semi-automatic handgun which was located between the drivers seat and the center consol. The weapon was discovered loaded, with a live round in the chamber. Further investigation of the weapon revealed the serial numbers to have been removed to prevent a trace of the weapon . . . . JOHNSON was [later] asked about the firearm located in the Oldsmovile Alero. According to JOHNSON, he obtained the gun from an individual in Baton Rouge to utilize for protection during this transaction.

(Rec. Doc. 19, at 2-5). At his rearraigment, Johnson agreed that the factual basis accurately

described the conduct which constituted the crimes to which he was pleading guilty.

On March 7, 2007, Johnson was sentenced by this Court to serve fifty-five months in

prison as to Count 1 and sixty months in prison as to Count 2. These sentences were to run

consecutively. Johnson did not appeal this sentence. On November 25, 2008, the Government

filed a Motion and Incorporated Memorandum for Reduction of Sentence Pursuant to Rule 35 of

the Federal Rules of Civil Procedure. This motion was filed as a result of certain assistance that

Johnson had provided to the Government in their investigation and prosecution of two

individuals.  Based on this assistance, which the Government considered "substantial," a total

sentence reduction of thirty-one months was requested.  On November 25, 2008, the Court

granted this motion and reduced Johnson's sentence, but only by twenty-four months instead of

the thirty-one month reduction requested by the Government.

On March 30, 2009, more than two years after being sentenced by this Court, Johnson

began filing motions.  First, he filed a "Motion Requesting an Order from the Court Ordering the

Government on Behalf of Defendant to Re-File Its' Rule 35(b) Motion Regarding the Material

Breach on Part of Government's Failure to Submit All the Necessary Information to Allow the

District Court to Make a Proper Ruling Under Its' Discretion Under the Proceedings."  (Rec.

Doc. 30).  He then followed this motion up with a "Motion to Amend Petition Pursuant to Rule

35(b)" (Rec. Doc. 31) and a "Second Motion to Amend Petition Pursuant to Rule 35(b)."  (Rec.

Doc. 32).  These motions all argue that the Government, in its' Rule 35(b) motion, failed to

disclose material information regarding substantial assistance provided by Johnson.  According

to the Petitioner, his safety had been put at risk by providing this assistance.  He asks that the

Court either grant an evidentiary hearing to investigate this matter, order the Government to re-

file its' motion, or reconsider his sentence and subsequent reduction in light of this additional

information.

On September 21, 2009, Petitioner filed a "Motion to Correct and Vacate the Conviction

and Sentence Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6) From an Erroneous

Judgment Obtained Under § 924(c)."  (Rec. Doc. 33).  In this motion, Petitioner argues that the

Government's evidence was insufficient to prove that he had possessed a firearm in furtherance

of a drug trafficking offense because the weapon had been located in a separate car from where

the drug transaction occurred.

On October 19, 2009, Johnson filed a "Motion to Vacate under 28 U.S.C. § 2255." (Rec.

Doc. 34). On December 30, 2009, The Government filed a response to Johnson's Motion. On

January 11, 2010, Petitioner supplemented his motion with a "Motion to Supplement the Motion

to Vacate, Set Aside, or Correct Sentence." (Rec. Doc. 42). Then, on January 27, 2010, the

Petitioner filed a reply to the Government's response, which he styled a "Motion for Traverse to

Vacate, Set Aside, the Conviction and Sentence Pursuant to 28 U.S.C. § 2255." (Rec. Doc. 44).[1]

On March 1, 2010, Petitioner filed a "Supplemental Motion to Amend Motion to Vacate Under

28 U.S.C. 2255." (Rec. Doc. 47).

Finally, on February 8, 2010, Johnson filed a "Motion Pursuant to Rule 9(b) Requesting

an Order from the Court Determining Whether Johnson's Rule 35(b) Motion was Construed by

the Court Under Premise of his 2255 Motion." (Rec. Doc. 45). In this motion, Johnson asserted

that the Government, in its' Response to his § 2255 petition, had addressed the arguments raised

by Petitioner's previous "Motion Requesting an Order from the Court Ordering the Government

on Behalf of Defendant to Re-File Its' Rule 35(b) Motion Regarding the Material Breach on Part

of Government's Failure to Submit All the Necessary Information to Allow the District Court to

Make a Proper Ruling Under Its' Discretion Under the Proceedings." Accordingly, he sought (1)

clarification of whether the Court would be handling the motions simultaneously; and (2) leave

---

[1]Petitioner's Rule 60(b) motion and his habeas petition were filed less than a month apart. Accordingly, these two motions will be construed together as a single § 2255 motion. Thus, Petitioner will not be subject to the requirements of successive habeas petitions and advance notice to Petitioner of the Court's intent to construe these motions together is not necessary.

to supplement his earlier arguments.  Before the Court had ruled on this request, Johnson filed a

"Motion and Response to Government's Reply to the Rule 35(b) Motion in Which Respondent

Argued Johnson Failed to File a Notice of Appeal."  (Rec. Doc. 46).

On April 1, 2010, the Court issued an Order and Reasons denying all of Johnson's

motions.  The Court held that the terms of Johnson's plea agreement did not obligate the

Government to file a post-sentencing motion under Federal Rule of Criminal Procedure 35(b).

The Court also concluded that Johnson's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2255 was untimely.

## II.     PRESENT MOTION

Johnson has now filed a "Writ of Mandamus Pursuant to 28 U.S.C. § 1361 to Compel the

United States to Move the Court Pursuant to the Principles and Mandates of 28 U.S.C. § 994 to

Reduce the Petitioner Sentence."  (Rec. Doc. 71).  Johnson evidently seeks a further reduction of

thirty-two months in his total sentence for assistance and testimony purportedly offered in other

criminal prosecutions.

## III.    LAW & ANALYSIS

"Mandamus is reserved for extraordinary circumstances."  *In re Stone*, 118 F.3d 1032,

1034 (5th Cir. 1997).  "The petitioner must demonstrate (1) a clear right to the relief, (2) a clear

duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."

*Id.*  Johnson has showed none of those elements.

Johnson has not demonstrated any clear right to a further reduction of his sentence or any

clear duty by the United States Attorney's office to file a motion.  As the Court held in its prior

Order and Reasons, the United States Attorney's office was not obligated by the terms of

Johnson's plea agreement to file a motion at all. (Rec. Doc. 49 at 7-8). In the present petition for mandamus, Johnson cites only general guidelines to the United States Sentencing Commission, 28 U.S.C. §§ 991(b), 994(n), the federal minimum-wage law, 29 U.S.C. § 206, statutes relevant to review of agency action, 5 U.S.C. § 702, 706, and a statute criminalizing disclosure of information regarding witnesses in federal criminal prosecutions, 18 U.S.C. § 119(b)(2)(C). In short, Johnson articulates no remotely applicable legal theory that would obligate the United States Attorney to file another motion for a reduction of his sentence. He conclusorily states that two Assistant United States Attorneys "did promise the Petitioner that if the Petitioner would assist the United States Government that [the AUSA] on behalf of the United States would then in turn seek, with this Honorable Court on the Petitioner's behalf a reduction of sentence," that he so assisted, and that no further motions were filed. (Rec. Doc. 71-1 at 5-6.) However, those two additional prosecutions in which he claims to have assisted are the same prosecutions that were the subject of prior motions. (Rec. Doc. 30 at 4) ("Mr. Johnson provided information for the government against, Kevin Hatch; Myron Hart; Larry Wright Jr., and Tommy Walters."); (Rec. Doc. 71-1 at 5-6) (seeking credit for assistance in conviction of Kevin Hatch, Tommy Walters, Myron Hart). The Court has already held that the Government is not obligated to file any additional motions regarding that purported assistance. Johnson is not entitled to the relief he seeks.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Johnson's petition is DENIED.

New Orleans, Louisiana, this 15th day of July, 2011.

_____

UNITED STATES DISTRICT JUDGE

7